IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00511-NYW-NRN

RICHARD M. HAVERTY,

Plaintiff,

v.

THE HOUSING AUTHORITY OF THE CITY AND COUNTY OF DENVER, (Denver Housing Authority, DHA),

Defendant.

---

ORDER[1] DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION AND RECUSAL OF MAGISTRATE JUDGE N. REID NEUREITER PURSUANT TO 28 U.S.C. § 455 (ECF No. 87)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Plaintiff Richard Haverty's ("Plaintiff") Motion for Disqualification and Recusal of Magistrate Judge N. Reid Neureiter Pursuant to 28 U.S.C. § 455 ("Motion to Recuse"), ECF No. 87, which referred by Judge Nina Y. Wang,

---

[1] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

ECF No. 89. Defendant the Housing Authority of the City and County of Denver ("Defendant") filed a response, ECF No. 88, and Plaintiff filed a reply, ECF No. 90.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 860 (1988). He shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (internal quotation marks omitted). The standard is completely objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir.1986).

As grounds for recusal, Plaintiff states as follows:

> Plaintiff seeks recusal based upon the cumulative manner in which proceedings involving Plaintiff have been conducted before Magistrate Judge Neureiter, including conduct that Plaintiff contends has repeatedly impaired his ability to fully present and explain his positions; the interruption, minimization, or premature characterization of Plaintiff's arguments before he has been afforded a meaningful opportunity to develop them; and the treatment of a substantively grounded filing as lacking a legal basis when the issue concerned, at least in material part, the procedural vehicle through which Plaintiff attempted to present the matter.

ECF No. 87.

Plaintiff especially takes issue with the Court's order, *see* ECF No. 77, striking as procedurally improper Plaintiff's Reply to Defendant's Noncompliant Answer and Affirmative Defenses, ECF No. 67, which was filed contemporaneously with his Answer to Defendant's Counterclaims, ECF No. 66. Plaintiff has filed an objection to that order. ECF No. 79. Judge Wang has not yet ruled on Plaintiff's objection. Plaintiff also states that he was interrupted and his argument mischaracterized by the Court during a hearing held in another case, which has since been administratively closed. *See Haverty v. UnitedHealth Group, Inc.*, 25-cv-02447-NYW-NRN (D. Colo.).

Plaintiff fails to make any reasoned argument that would demonstrate an appearance of partiality or bias on the part of the undersigned judicial officer. "[B]aseless personal attacks on or suits against the judge by a party do not mandate recusal in a case in which the judge is not a party." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (per curiam). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp*., 589 F. App'x 846, 849 (10th Cir. 2014) ("Unfavorable judicial rulings . . . are insufficient grounds for recusal."). "Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Here, to the extent that Plaintiff disagrees with the Court's order striking his filing at ECF No. 67, he has recourse under Rule 72, which he has availed himself to by filing an objection. Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

This Court is a "hot bench," meaning it actively questions all parties in every motion hearing it conducts; interrupting a party during argument and engaging in dialogue about legal theories and positions does not demonstrate a deep-seated antagonism.

Accordingly, Plaintiff's Motion to Recuse, ECF No. 87, is **DENIED**.

BY THE COURT

Date: September 8, 2026
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge